```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

ARNOLDO A. GAMBOA,

      Movant

v.                             CIVIL ACTION NO. 2:12-01175
                             (Criminal No. 2:08-00151-02)

UNITED STATES OF AMERICA,

      Respondent

## MEMORANDUM OPINION AND ORDER

This action was previously referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to the court of her Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636.

Following an earlier charge, the United States filed a superseding indictment on December 9, 2008, charging the movant with (1) conspiracy to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and (2) conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h). On June 3, 2009, movant was convicted on both charges following a jury trial. On October 15, 2009, the Judgment was entered sentencing movant to life imprisonment. On March 8, 2011, the court of appeals affirmed.

On April 16, 2012, the movant filed the instant section 2255 motion. On January 4, 2013, the magistrate judge

filed her PF&R recommending that the court deny the section 2255 motion.  On July 18, 2013, the court received movant's objections by regular mail.  Having transmitted those objections to the Clerk this same day, it is ORDERED that they be, and hereby are, filed.

The magistrate judge's PF&R comes in three parts. First, she recommends that the following grounds be deemed foreclosed as having been previously adjudicated on direct appeal:

- The seating of a particular juror to try the issues;
- The failure to sequester witnesses;
- The sufficiency of the evidence respecting the cocaine conspiracy; and
- The sufficiency of the evidence respecting the movant's prior drug convictions.

Second, she recommends that the following issues be deemed procedurally defaulted inasmuch as prejudice is absent and they were raised neither in the district court nor on direct appeal:

- The participation at trial of a certain juror;
- Certain references to the movant's ethnicity;
- Testimonial references to the execution of search warrants, traffic stops and the movant's use of aliases;
- The putative inconsistent testimony among witnesses;

> The absence of wiretap and video surveillance evidence;
>
> An alleged conflict of interest created by one attorney representing three trial witnesses;
>
> The prior prosecution and detention of movant on an immigration charge; and
>
> The use of a section 851 information to enhance movant's sentence.

Third, the magistrate judge recommends dismissal of the multipronged ineffective assistance of counsel claim inasmuch as movant has failed to show either prejudice or that his lawyers' actions fell outside the wide range of reasonable and professionally competent assistance.

The movant's objections withdraw nearly all of the grounds originally alleged. He persists in challenging the integrity of, and his lawyers' assistance concerning, the enhancement he received pursuant to section 851. As discussed by the magistrate judge at pages 9 to 11 of the PF&R, the challenge is meritless. As noted by the magistrate judge, the court of appeals specifically concluded that it was appropriate to apply the predicate offenses in arriving at the movant's enhanced sentence:

> We have reviewed the Government's evidence submitted at sentencing, which included three certified judgments against one Arnoldo Avitia, fingerprint records correlating to these convictions (one of which listed "Gamboa" as an alias of Arnoldo Avitia), and the testimony of a fingerprint expert indicating that

> the fingerprint records matched Gamboa's fingerprints. We conclude that the district court did not clearly err in finding that the Government proved Gamboa's three prior felony drug convictions beyond a reasonable doubt.

<u>United States v. Gamboa</u>, No. 09-4985, 2011 WL 791479, at *3 (4th Cir. Mar. 8, 2011).

Based upon the foregoing discussion, and those reasons expressed by the magistrate judge, movant's objections lack merit. Based upon a <u>de novo</u> review, and having found the objections meritless, the court adopts and incorporates herein the magistrate judge's PF&R. The court, accordingly, ORDERS that this action be, and it hereby is, dismissed.

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the United States Magistrate Judge.

DATED:  April 8, 2013

_____
John T. Copenhaver, Jr.
United States District Judge

4