IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.          CRIMINAL ACTION NO. 2:08-cr-00151-2

ARNOLDO AVITA GAMBOA,

    Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the court is a *pro se* Motion for Reduction of Sentence pursuant to the First Step Act [ECF No. 280] filed by Defendant Arnoldo Avita Gamboa. The Motion is **DENIED** for the reasons that follow.

I. Background

On June 3, 2009, a jury returned a guilty verdict against Defendant on a superseding indictment for Conspiracy to Distribute 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. § 846 (Count One) and Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h) (Count Two). Prior to the trial, the government filed an information pursuant to 21 U.S.C. § 851 seeking to enhance Defendant's sentence based upon his three prior drug trafficking felony convictions. Because Defendant was convicted of Conspiracy to Distribute 5 Kilograms or More of Cocaine after having been convicted of two or more felony drug offenses, he faced a mandatory term of life imprisonment pursuant to the provisions of 21 U.S.C. §

841(b)(1)(A) at the time of his sentence. On October 15, 2009, I sentenced Mr. Gamboa to a term of life imprisonment in accordance with that statute. On March 8, 2011, the Court of Appeals for the Fourth Circuit affirmed Mr. Gamboa's sentence.

On January 16, 2020, Defendant filed the instant *pro se* Motion for Reduction of Sentence pursuant to the First Step Act. [ECF No. 280]. He seeks relief under § 401 of the First Step Act, essentially arguing that his mandatory minimum penalty should be reduced to 25 years and that his prior convictions may not qualify as "serious drug felonies," as now required by 21 U.S.C. § 841. His Motion also briefly discusses the changes § 404 of the First Step Act made to statutory penalties regarding controlled substance offenses.

## II. First Step Act

Defendant is not eligible for a reduction in sentence under either § 401 or § 404 of the First Step Act.

### a. Section 401

When a court imposes a sentence of imprisonment, it is considered the final judgment on the matter and the court, as a general prohibition, "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. §§ 3582(b) & 3582(c)(1)(B). However, a court can modify a sentence where it is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B).

Section 401 of the First Step Act made changes to both the length of certain mandatory minimum penalties and the types of prior offenses that trigger enhancements under 21 U.S.C. § 841(b)(1)(A) and (B). *See* Pub. L. No. 115-391, §

401(a), 132 Stat. 5194 (2018). Prior to the First Step Act, 21 U.S.C. § 841(b)(1)(A) mandated in pertinent part the following,

> If any person commits a violation of this subparagraph or of section 849, 859, 860, or 861 of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release…

Section 401 amended that part of 21 U.S.C. §841(b)(1)(A) to now require the following,

> If any person commits a violation of this subparagraph or of section 849, 859, 860, or 861 of this title after 2 or more prior convictions for a serious drug felony or serious violent felony have become final, such person shall be sentenced to a term of imprisonment of not less than 25 years…

*Id.* Section 401 and "the amendments made by this section" apply retroactively to any offense that was committed before the date of enactment of the First Step Act *only* "if a sentence for the offense has not been imposed as of such date of enactment." *See id.* at § 401(c). Thus, unlike § 404, § 401 of the First Step Act is forward-looking and not retroactive. *See id.*; *United States v. Garcia*, No. 6:05-CR-00006-1, 2019 WL 4039638, at *1 (W.D. Va. Aug. 27, 2019) (citing *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019), cert. denied, No. 19-7341, 2020 WL 873742 (U.S. Feb. 24, 2020)).

Defendant Gamboa is ineligible for a reduction in sentence under § 401 of the First Step Act. The First Step Act was enacted on December 21, 2018. Defendant Gamboa's sentence was entered on October 15, 2009. Therefore, his sentence was clearly imposed prior to the enactment of the First Step Act. For that reason, Defendant does not qualify for relief under § 401.

b. **Section 404**

Defendant's Motion [ECF No. 280] briefly mentions § 404 of the First Step Act.

Because Defendant is proceeding *pro se* in this matter, I find it appropriate to construe his Motion as also seeking relief under § 404 of the First Step Act.

Section 404 of the First Step Act provides that a sentencing court "may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." First Step Act § 404(b), 132 Stat. at 5222 (citation omitted).

Section 404 applies the statutory relief of the Fair Sentencing Act of 2010 retroactively to eligible defendants. Any defendant sentenced before the effective dates of the Fair Sentencing Act (August 3, 2010), and who did not receive the benefit of the changes to the statutory penalties made by the Act, is eligible for a sentence reduction under the First Step Act. Section 2 of the Fair Sentencing Act increased the quantity of cocaine base that triggers the mandatory minimum and maximum penalties under 21 U.S.C. § 841. Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). Section 3 of the Fair Sentencing Act eliminated the mandatory minimum sentence for simple possession under 21 U.S.C. § 844(a). *Id.* at § 3.

Defendant Gamboa is ineligible for a sentence reduction under § 404. In the instant case, Mr. Gamboa was convicted of Conspiracy to Distribute 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. § 846 (Count One) and Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h) (Count Two). He was not convicted of an offense involving cocaine base. Therefore, § 2 of the Fair Sentencing Act does not apply to him. And he was not convicted of a simple possession

of a controlled substance offense. Therefore, § 3 of the Fair Sentencing Act also does not apply him. Because neither of Mr. Gamboa's convictions in this case qualify as a covered offense under the First Step Act, he is ineligible for a reduction of his sentence.

### III. Conclusion

Defendant's Motion for Reduction of Sentence pursuant to the First Step Act [ECF No. 280] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: April 2, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE