IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            CRIMINAL ACTION NO. 2:08-cr-00151-2

ARNOLDO AVITA GAMBOA,

        Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Arnoldo Avita Gamboa's Renewed Motion for Compassionated Release. [ECF No. 306]. For the following reasons, Mr. Gamboa's motion is **DENIED**.

I. Background

Mr. Gamboa was convicted at trial on June 3, 2009, of one count of conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1), and one count of conspiracy to launder money, in violation of 21 U.S.C. § 956(h). At that time, federal law prescribed a mandatory sentence of life imprisonment for defendants with two or more prior felony drug convictions. § 841(b)(1)(A). The government, prior to trial, timely filed an Information establishing Mr. Gamboa's prior drug convictions. *See* [ECF No. 134]. Mr. Gamboa had previously been convicted of conspiracy to distribute heroin and possession with intent to distribute heroin in 1976; of possession with

intent to distribute cocaine in 1980; and of possession with intent to distribute heroin in 1988. These prior convictions triggered the mandatory life sentence in § 841(b)(1)(A). A jury found Mr. Gamboa guilty on both counts, and October 15, 2009, I sentenced Mr. Gamboa to life imprisonment in accordance with 21 U.S.C. § 841(b)(1)(A).

In 2018, Congress passed the First Step Act, which amended § 841(b)(1)(A) and changed the mandatory minimum sentences to which individuals are exposed. Relevant here, defendants with two or more prior convictions for serious drug felonies became subject to a mandatory minimum sentence of 25 years rather than a mandatory life sentence. Due to this change in law, in January of 2022, I granted in part Mr. Gamboa's Second Motion for Compassionate Release[1] and—after considering all of the 18 U.S.C. § 3553(a) factors—modified Mr. Gamboa's term of imprisonment to 25 years. *See* [ECF No. 294, at 11]. Mr. Gamboa appealed, [ECF No. 296], and the Fourth Circuit affirmed this court's order. [ECF Nos. 300, 301].

Mr. Gamboa has now filed the instant Renewed Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) and Section 1B1.13 of the United States Sentencing Guidelines. [ECF No. 306, at 1]. He argues that he is entitled to relief due to "compelling and/or extraordinary reasons." *Id.* Specifically, he states that he is 75 years old with deteriorating health, has served over 10 years of his sentence, has no history of violence, and has an adequate home plan. *Id.* at 5. As to his medical

---

[1] I also denied in part Mr. Gamboa's Second Motion for Compassionate Release. *See* [ECF No. 294]. Specifically, Mr. Gamboa asked to be released from custody due to the COVID-19 pandemic, but I found that this was not an extraordinary and compelling reason to justify his release. *Id.* at 7. Although Mr. Gamboa's health conditions could put him at an increased risk, the facility in which he was housed—FCI Gilmer—had complied with CDC guidelines and properly taken steps to minimize the spread of the

conditions, he states that he has "lumbar spine degenerative disc, osteopenia, [and] pain when laying or sitting." *Id.* at 3. Furthermore, he now uses a walker, has "type II diabetes, hypertension obesity, hyperlipidemia, a hiatal hernia, metaplasia, disorder of eye, adnexa, gout, tinea anguinum [sic], age related cataracts, osteoporosis, osteoarthropathy (generalized RT elbow), and hearing loss." *Id.* He alleges that if he remains in prison, he will lose his ability to take care of himself. *Id.* Mr. Gamboa is subject to a deportation order and, if released, states that he will live with his daughter in Mexico. [ECF No. 306-1, at 1].

## II. Legal Standard

Generally, courts may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). However, the First Step Act allows district courts to determine whether "extraordinary and compelling reasons" exist to reduce a criminal defendant's sentence. *United States v. Henderson*, No. 2:99-CR-00214-1, 2020 WL 7264461, at *2 (S.D. W. Va. Dec. 10, 2020) (citing *United States v. Galloway*, No. RDB-10-0775, 2020 WL 2571172, at *3 (D. Md. May 21, 2020)). A defendant, after exhausting his administrative remedies, may file a motion on his own behalf for a sentence reduction. 18 U.S.C. § 3582(c)(1)(A). A district court must determine (1) whether extraordinary and compelling reasons warrant a reduction; (2) whether any reduction is consistent with the sentencing commission's policies; and (3) whether the 18 U.S.C. § 3553(a) factors favor release. *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023).

---

pandemic. *Id.* at 6–7.

### III. Analysis

#### A. Administrative Remedies

In order to exhaust his administrative remedies, a defendant must (1) request the Bureau of Prisons ("BOP") to bring a motion on his behalf and (2) give the BOP thirty days to respond to such request. *Henderson*, 2020 WL 7264461, at *2. If the BOP denies the request or thirty days has elapsed since the request was filed, the defendant may then bring his own motion. *Id.*; 18 U.S.C. § 3582(c)(1)(A).

Mr. Gamboa asserts that sent a request for a sentence reduction to the BOP on December 15, 2023, and the Warden of FCI Gilmer failed to answer by January 15, 2024. [ECF No. 306, at 1]. Mr. Gamboa then appealed to the BOP on January 20, 2024, and the BOP has not responded. *Id.* Thus, Mr. Gamboa has exhausted his administrative remedies.

#### B. Extraordinary and Compelling Reasons

Because Mr. Gamboa has exhausted the administrative remedies available to him, I now turn to whether there are any extraordinary and compelling reasons to justify compassionate release. Mr. Gamboa states that there is a combination of circumstances sufficient to satisfy the "extraordinary and compelling" standard. First, he asserts that he is entitled to compassionate release because he is 75 years old, has medical conditions, and has served over ten years of his sentence. [ECF No. 306, at 2]. He also states that he has made "sincere efforts at rehabilitation" through his conduct while in prison. *Id.* at 3. He then asserts that confinement during COVID "exacerbated the punitive effects" of his incarceration due to long lockdowns and no mail or phone

services. *Id.* at 4. Finally, he challenges the government's original 21 U.S.C. § 851 motion as improperly filed. *Id.*

Absent congressional limitations, district courts are permitted to "think expansively" about what may constitute an extraordinary and compelling reason. *United States v. Davis*, 99 F.4th 647, 657–68 (4th Cir. 2024). The United States Sentencing Commission has promulgated guidelines to aid courts in determining whether an individual has extraordinary and compelling reasons that would warrant compassionate release. *See* U.S.S.G. § 1B1.13(b). Medical circumstances warranting release may exist where a defendant has "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13(b)(1)(B). Further, courts can consider the age of the defendant, if the defendant is (1) "is at least 65 years old," (2) "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less," and (3) "is experiencing a serious deterioration in physical or mental health because of the aging process." *Id.* § 1B1.13(b)(2). Rehabilitation alone is not an extraordinary and compelling reason, *see* 28 U.S.C. § 944(t), but it may be considered in combination with other factors and circumstances. U.S.S.G. § 1B1.13(d).

To begin, I make note that Mr. Gamboa does not have a disproportionately long sentence; he is serving a mandatory minimum sentence of twenty-five years pursuant to 21 U.S.C. § 841(b)(1). His sentence is an appropriate—and statutorily required—penalty based on his conduct. *See United States v. McCoy*, 981 F.3d 271, 285 (4th Cir.

2020) (finding an extraordinary and compelling reason exists when there is a "gross disparity" between the sentence received and one Congress believes to be appropriate), *superseded by regulation as recognized in United States v. Davis*, 99 F.4th 647 (4th Cir. 2024). I recognize that prison conditions during COVID-19 could have made "incarceration harsher and more punitive than would otherwise have been the case." *See United States v. Brown*, 78 F.4th 122, 132 (4th Cir. 2023); *see also United States v. Kibble*, 992 F.3d 326, 336 (4th Cir. 2021) (Gregory, J., concurring) (discussing how COVID-19 conditions "increase a prison sentence's punitive effect"). The court also notes that Mr. Gamboa has made efforts at rehabilitation, including displaying good behavior while in BOP custody. However, this alone may not be considered an extraordinary and compelling reason. *See* U.S.S.G. § 1B1.13(d).

      Mr. Gamboa is currently 75 years old and has served over 15 years of his twenty-five-year mandatory minimum. He claims that he now requires a walker because his physical health has deteriorated severely due to aging. In many circumstances, of course, a laundry list of medical conditions may be considered extraordinary and compelling. Mr. Gamboa has diabetes, hypertension, high cholesterol, and gout; these conditions have been known to the court since before his original sentence. *See* [ECF No. 181, ¶ 64]. Now, Mr. Gamboa is also representing to the court that he suffers from a "hiatal hernia, metaplasia, disorder of eye [and] adnexa, . . . tinea anguinum [sic], age related cataracts, osteoporosis, osteoarthropathy . . . and hearing loss." [ECF No. 306, at 3]. But he provides no medical records to substantiate such allegations. Without medical records, the court is unable to verify the legitimacy and/or severity of these

6

conditions and thus cannot determine whether these conditions "diminish the ability of the defendant to provide self-care within the environment." *See* U.S.S.G. § 1B1.13. As such, I do not find that his health conditions constitute an extraordinary and compelling reason for release. *See United States v. Salazar-Valenzuela*, No. CR-11-02310-002-PHX-DGC, 2022 WL 16635330, at *2 (D. Ariz. Nov. 2, 2022) (collecting cases where district courts have denied compassionate release because they did not have the defendant's medical records).

Finally, Mr. Gamboa argues that the Government's 21 U.S.C. § 851 Information was improperly filed after the jury reached their guilty verdict but before sentencing, and thus the court should strike the Information and reduce his sentence. [ECF No. 306, at 4]. However, "a compassionate release motion cannot be used to challenge the validity of a defendant's conviction or sentence." *United States v. Ferguson*, 55 F.4th 262, 272 (4th Cir. 2022). A § 2255 motion is the "exclusive method of collaterally attacking a federal conviction or sentence." *United States v. Smith*, No. 22-6439, 2024 WL 3042894, at *1 (4th Cir. June 18, 2024). Importantly, Mr. Gamboa is not alleging that his guidelines range would be significantly lower if sentenced today, but instead asserts that this court erred at sentencing. Mr. Gamboa cannot "sidestep § 2255's requirements" in this compassionate release motion. *See id.* In any event, the United States filed its Information stating the previous convictions to be relied upon on June 2, 2009, which was "before trial, or before entry of a plea of guilty." 21 U.S.C. § 851(a)(1); *see* [ECF No. 134]. As such, I **FIND** that Mr. Gamboa has not established extraordinary and compelling reasons for release.

### *C. Section 3553(a) Factors*

A district court must determine whether the § 3553(a) factors "weigh against sentence reduction" if the defendant has satisfactorily alleged new extraordinary and compelling reasons for release. *Malone*, 54 F.4th at 176. Although I do not find that Mr. Gamboa has provided the court with extraordinary and compelling reasons favoring a sentencing reduction, I will briefly address and reweigh the sentencing factors as they relate to this case. District courts examine whether release is appropriate based on applicable sentencing factors found in 18 U.S.C. § 3553(a). *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022). These factors include: "the nature and circumstances of the offense"; the sentencing range established by the guidelines; the need to provide a just punishment; the need to protect the public; the defendant's history and characteristics; the need "to provide the defendant with needed educational or vocational training, [or] medical care"; and to ensure adequate deterrence. 18 U.S.C. § 3553(a).

Mr. Gamboa's criminal drug distribution history stretches back to 1973, and since then, he has repeatedly committed drug crimes after being released from different periods of incarceration. [ECF No. 181, ¶¶ 52–56]. He has also been deported but later unlawfully returned to the United States. *Id.* Based on the underlying convictions here, these prior sentences and deportation did not deter Mr. Gamboa from reoffending as he organized a multi-state, multi-year conspiracy to distribute cocaine and launder money. His original sentence of life imprisonment has been reduced to the mandatory minimum sentence as established by statute and the sentencing guidelines.

Mr. Gamboa's alleged current medical and physical condition is a factor that may favor release. However, the totality of the factors leads me to believe that, based on his extensive disregard for the law, Mr. Gamboa is still a danger to the community even though he is subject to a deportation order.

### IV. Conclusion

For the foregoing reasons, Mr. Gamboa's Renewed Motion for Compassionate Release, [ECF No. 306], is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: August 9, 2024

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE