IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                             CRIMINAL ACTION NO. 2:08-cr-00151-2

ARNOLDO AVITA GAMBOA,

        Defendant.

MEMORANDUM OPINION AND ORDER

      Pending before the court is Defendant Arnoldo Avita Gamboa's Motion for Reconsideration of his Renewed Motion for Compassionate Release. [ECF No. 308]. For the following reasons, Mr. Gamboa's motion is **DENIED**.

      Mr. Gamboa was convicted by a jury on June 3, 2009, of one count of conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1), and one count of conspiracy to launder money, in violation of 21 U.S.C. § 956(h). Given Mr. Gamboa's prior convictions, his conduct triggered the mandatory life sentence in § 841(b)(1)(A). A jury found Mr. Gamboa guilty on both counts, and on October 15, 2009, I sentenced Mr. Gamboa to life imprisonment in accordance with 21 U.S.C. § 841(b)(1)(A).

      In 2018, Congress passed the First Step Act, which amended § 841(b)(1)(A) and changed the mandatory minimum sentences to which individuals are exposed.

Relevant here, defendants with two or more prior convictions for serious drug felonies became subject to a mandatory minimum sentence of 25 years rather than a mandatory life sentence. Due to this change in law, in January of 2022, I granted in part Mr. Gamboa's Second Motion for Compassionate Release[1] and—after considering all of the 18 U.S.C. § 3553(a) factors—modified Mr. Gamboa's term of imprisonment to 25 years. *See* [ECF No. 294, at 11]. Mr. Gamboa appealed, [ECF No. 296], and the Fourth Circuit affirmed this court's order. [ECF Nos. 300, 301].

Mr. Gamboa then filed a Renewed Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) and Section 1B1.13 of the United States Sentencing Guidelines. [ECF No. 306, at 1]. Seeing no extraordinary circumstances warranting release nor any § 3553(a) sentencing factors that favor release, I denied his motion. [ECF No. 307]. Mr. Gamboa has now filed the instant Motion for Reconsideration of his Renewed Motion for Compassionate Release. [ECF No. 308].

In his Renewed Motion for Reconsideration, Mr. Gamboa alleges three principal claims as grounds for reconsideration: (1) the court's denial of his renewed motion for compassionate release improperly considers facts that the fourth circuit deems impermissible, (2) the court fails to account for his medical records that are on file, and (3) the court fails to evaluate his compelling circumstances "holistically". [ECF No. 308, at 1].

---

[1] I also denied in part Mr. Gamboa's Second Motion for Compassionate Release. *See* [ECF No. 294]. Specifically, Mr. Gamboa asked to be released from custody due to the COVID-19 pandemic, but I found that this was not an extraordinary and compelling reason to justify his release.

Generally, courts may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). A district court must determine whether the § 3553(a) factors "weigh against sentence reduction" if the defendant has satisfactorily alleged new extraordinary and compelling reasons for release. *Malone*, 54 F.4th at 176. District courts examine whether release is appropriate based on applicable sentencing factors found in 18 U.S.C. § 3553(a). *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022). These factors include: "the nature and circumstances of the offense;" the sentencing range established by the guidelines; the need to provide a just punishment; the need to protect the public; the defendant's history and characteristics; the need "to provide the defendant with needed educational or vocational training, [or] medical care;" and to ensure adequate deterrence. 18 U.S.C. § 3553(a). Despite this standard, I am in firm agreement with other courts in that reconsideration of a judgement after its entry is an extraordinary remedy which should be used sparingly. *Lyles v. Reynolds*, No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C., 2016). A motion to reconsider denial of a motion to reconsider should be the rarest of remedies. Further, a motion for reconsideration should **not** be a vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind. *Id.*

Here, Mr. Gamboa does just that. In my previous order I did not find that Mr. Gamboa provided the court with extraordinary and compelling reasons favoring a sentencing reduction; however, I still addressed the sentencing factors as they related to this case and found no factors favored his release. [ECF No. 308]. Mr. Gamboa

asserts this decision is incorrect chiefly by citing new case law and relying on the holding in *United States v. Puzey*, No. 22-7070, 2023 WL 2985127 (4th Cir. 2023) (concluding that solely relying on a defendant's criminal history was impermissible). As I have stated, rather than solely Mr. Gamboa's criminal history, it is the totality of factors that warrant Mr. Gamboa's sentence. Consequently, after once again considering Mr. Gamboa's health conditions, and upon a brief review of the records he cites in this motion, I **FIND** that he has not demonstrated additional extraordinary and compelling reasons for release.

Accordingly, Defendant's Motion, [ECF No. 308], is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: December 2, 2024

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE